J-S25013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LARRY KING, | |
| Appellant | No. 2791 EDA 2016 |

Appeal from the Judgment of Sentence August 15, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005430-2013

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 31, 2017**

Appellant, Larry King, appeals from the judgment of sentence of full backtime plus a consecutive sentence of six to twelve months' imprisonment, imposed after the court revoked his parole/probation, following a new conviction.  Appellant seeks to challenge his new sentence. Additionally, his counsel, Patrick J. Connors, Esq., has filed a petition to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

In October of 2013, Appellant entered a negotiated plea to charges of criminal trespass and criminal mischief.  He was sentenced to time served (53 days) to twelve months on the criminal trespass count and a consecutive

sentence of one year of probation on the criminal mischief count. Following an arrest and conviction related to a robbery of a Family Dollar Store, a probation and parole revocation hearing was held on August 15, 2016. Appellant stipulated that he had violated his parole/probation and the court sentenced him as noted above. Although no post-sentence motion was filed, Appellant requested that Attorney Connors file this appeal. In response to the court's order directing that a concise statement of matters complained of on appeal be filed, counsel filed a statement of intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(c)(4). In the **Anders** brief, the single issue raised on appeal questions "[w]hether the 6 to 12 month term of imprisonment imposed for violating the probation originally imposed for [c]riminal [m]ischief is harsh and excessive under the circumstances?" **Anders** brief at 1.

As noted, Attorney Connors has filed with this Court a petition to withdraw and an **Anders** brief, asserting that the issue Appellant seeks to raise has arguable merit, but "is frivolous since the new sentence was well within the [c]ourt's discretion given the facts of this case." **Id.** at 5. Counsel also acknowledges that he has found no other issues that may be raised on appeal. **See** Counsel's Application to Withdraw, ¶ 3.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders***,* counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago***.* The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago***,* 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan***,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Connors' **Anders** brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history with citations to the record, he refers

to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that the issue and Appellant's appeal are frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citation to the record and pertinent legal authority. Attorney Connors also states in his petition to withdraw that he has supplied Appellant with a copy of his **Anders** brief, and he attaches a letter directed to Appellant in which he informs him of the rights enumerated in **Nischan**. Accordingly, counsel has sufficiently complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues Appellant could pursue on appeal.

Appellant's issue challenges the discretionary aspects of his sentence. Essentially, he argues that the term of incarceration imposed is unduly harsh and excessive.[1] However, as previously noted, Appellant did not file a post-sentence motion raising this discretionary aspect of sentencing claim, and he also did not assert it during the sentencing proceeding. Consequently, this issue is waived. **See Commonwealth v. McAfee**, 849 A.2d 270, 275 (Pa. Super. 2004) ("Issues challenging the discretionary aspects of sentence

---

[1] At the hearing on August 15, 2016, Appellant stated that he has accepted responsibility for his actions. He also explained about his long-standing drug use and his participation in prison programs to help improve himself.

must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.").

Accordingly, we agree with Attorney Connors that the issue Appellant seeks to assert on appeal is frivolous, and our independent review of the record does not reveal any other, non-frivolous issue(s) he could present on Appellant's behalf. Therefore, we grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2017